UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANA LIGHTBODY,<br><br>PLAINTIFF<br><br>v.<br><br>WAL-MART STORES EAST, L.P.,<br><br>DEFENDANT. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 1:13-cv-10984-DJC<br>)<br>)<br>) |

## ANSWER

Defendant Wal-Mart Stores East, L.P. ("Defendant") hereby responds to the Complaint of plaintiff Diana Lightbody ("Plaintiff") as follows:

Defendant admits that Plaintiff purports to bring a complaint against Defendant. Defendant denies that Plaintiff's legal claim has merit. Defendant denies that Plaintiff is entitled to any form of relief. Defendant denies the remaining allegations contained in the unnumbered introductory paragraph of the Complaint.

## PARTIES

1. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 1 of the Complaint regarding Plaintiff's state of residence and therefore denies them. Defendant admits that Plaintiff has been employed by Walmart since 1994 and that she currently works in Walmart's Walpole, Massachusetts store. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION

3. Defendant admits that Plaintiff filed a charge of discrimination with the Massachusetts Commission Against Discrimination. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Complaint and therefore denies them.

## FACTUAL ALLEGATIONS

4. Defendant admits the allegations contained in the first sentence of Paragraph 4 of the Complaint. Defendant denies the allegations contained in the second and third sentences of Paragraph 4 of the Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint. Further responding, Defendant states that Plaintiff received training regarding sexual harassment in the workplace.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint. Further responding, Defendant states that Robin Wilson began working in the Walpole store in the Fall of 2009.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in the first sentence of Paragraph 9 of the Complaint. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 9 of the Complaint and therefore denies them. Further responding, Defendant states that Plaintiff spoke with Ms. McComb concerning Plaintiff.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

Further responding, Defendant states Plaintiff spoke with Ms. McComb concerning Plaintiff.

11.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore denies them.

12.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore denies them.

13.     Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint and therefore denies them.

15.     Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant admits the allegations contained in the first sentence of Paragraph 16 of the Complaint.  Defendant denies the allegations contained in the second sentence of Paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint. Further responding, Defendant states that Ms. Castillo investigated Plaintiff's allegations and met with Plaintiff as part of that investigation.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant is without sufficient information to form a belief as to the truth of the allegations contained in the first and third sentences of Paragraph 24 of the Complaint and

therefore denies them. Defendant admits the allegations contained in the second sentence of Paragraph 24 of the Complaint. Defendant denies the allegations contained in the fourth sentence of Paragraph 24 of the Complaint.

25. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and therefore denies them.

26. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and therefore denies them.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint and therefore denies them.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and therefore denies them.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and therefore denies them,

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

## COUNT I

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

Defendant is not required to respond to Plaintiff's prayer for relief.  To the extent a response is required, Defendant denies every allegation contained therein.  Defendant denies that Plaintiff is entitled to any form of relief.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant hereby presents the following affirmative and additional defenses to Plaintiff's Complaint.

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim on which relief can be granted.

## SECOND DEFENSE

To the extent Plaintiff's claims are based on alleged actions that occurred outside the applicable statutes of limitation, such claims are barred.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to exercise reasonable diligence to avoid harm.

## FOURTH DEFENSE

To the extent that Plaintiff mitigated, minimized or avoided any damages allegedly sustained, any economic damages against Defendant must be reduced by that amount.  In addition, to the extent that Plaintiff failed to make reasonable efforts to mitigate, minimize or

avoid any damages allegedly sustained, any economic damages against Defendant must be barred.

### FIFTH DEFENSE

At all times relevant to the allegations in the Complaint, Walmart had an effective policy for the prevention and correction of unlawful discriminatory practices. Notwithstanding the existence of this policy, Plaintiff unreasonably failed to utilize it in connection with some or all of the allegations of unlawful harassment asserted in the Complaint.

### SIXTH DEFENSE

Plaintiff's claims are barred and/or limited by the after-acquired evidence doctrine to the extent that discovery shows she engaged in misconduct prior to, during, after, or in connection with her employment, that otherwise would have resulted in her discharge, if such conduct were then known to Defendant.

### SEVENTH DEFENSE

Any and all actions taken by Defendant with respect to Plaintiff's employment were taken for legitimate, nondiscriminatory reasons.

### EIGHTH DEFENSE

Plaintiff's claims are barred to the extent she failed to comply with the administrative prerequisites applicable to such claims.

### NINTH DEFENSE

Defendant reserves the right subsequently to assert other defenses of which it may become aware during the course of this proceeding.

Respectfully submitted,

WAL-MART STORES EAST, L.P.

By its attorneys,

/s/ Christopher B. Kaczmarek
Christopher B. Kaczmarek (No. 647085)
Vanessa K. Hackett  (No.673493)
LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, MA  02110
Phone 617.378.6000
Fax 617.737.0052
ckaczmarek@littler.com
vhackett@littler.com

Dated:  May 14, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2013, a true and accurate copy of the foregoing Answer, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Christopher B. Kaczmarek
Christopher B. Kaczmarek

Firmwide:119986598.1 015602.8370