UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIANA LIGHTBODY,<br><br>    PLAINTIFF<br><br>  v.<br><br>WAL-MART STORES EAST, L.P.,<br><br>    DEFENDANT | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 1:13-cv-10984-DJC<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY BRIEF IN SUPPORT OF DEFENDANT WAL-MART STORES EAST, L.P.'S MOTION FOR SUMMARY JUDGMENT**

Defendant Walmart Stores East, L.P. ("Walmart" or the "Company") submits this reply brief to address some of the arguments made by plaintiff Diana Lightbody in her opposition to Walmart's motion for summary judgment.

**I.   Lightbody's "Failure To Investigate" Claim Is Foreclosed By First Circuit Precedent**

Relying on College-Town, Div. of Interco, Inc. v. MCAD, 400 Mass. 156 (1987), Lightbody suggests that Walmart is liable under Chapter 151B for failing to conduct what she considers to be an adequate investigation of Wilson's conduct.  See Pl.'s Memo. at pp. 8-15. Indeed, she characterizes this as her "principal claim."  Id. at p. 2.  The problem with this argument is that Chapter 151B does not give rise to a cause of action for an alleged "failure to investigate" absent an actionable claim for sexual harassment.

As Walmart discussed in its previous memorandum, in Keeler v. Putnam Fiduciary Trust Co., 238 F.3d 5 (1st Cir. 2001), the First Circuit found no case law to support the argument that a failure to investigate may form an independent basis for liability under Chapter 151B.  Although

the Court noted that the College-Town decision refers to a duty to investigate, "it did so in explaining why the defendant company could be held liable for sexual harassment that had been committed by a supervisor, reported by the victim to higher management, and not adequately investigated or curbed. Nothing in the opinion suggests that, if there had been *no* sexual harassment, the failure to investigate claim could have given rise to any independent liability." Id. at 13 (emphasis in original).

The First Circuit went on to state as follows:

> Nothing would prevent a legislature from enacting a statute that required an employer to investigate colorable claims, and that awarded damages (if any) for the failure to do so, even where no substantive discrimination had occurred. However, nothing in the Massachusetts statute suggests such an intention to us, and the reference in College-Town to the duty to investigate makes far more sense as a further explanation for imposing liability on an employer who was told correctly that harassment had occurred but did nothing to prevent it. And, of course, the damages for failure to investigate would be quite different in character and amount than the type normally awarded for discrimination.

Id. at 13.

Thus, to the extent Lightbody purports to assert a separate "failure to investigate" claim, the Court should dismiss such claim. See id. at 13; Verdrager v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., No. SUCV2009-04717-C, 2013 Mass. Super. LEXIS 206, at *28 (Mass. Super. Ct. Dec. 17, 2013) (Lauriat, J.) ("a claim for failure to investigate and remedy alleged discrimination cannot survive absent an actionable discrimination claim").

**II.    Lightbody's Allegations Do Not Rise To The Level Of Actionable Harassment**

Lightbody also argues that she need not demonstrate that her work performance declined in order to state a claim for sexual harassment. Pl.'s Memo. at pp. 1-2. She is correct; and Walmart never argued to the contrary. Instead, Walmart's position, discussed at length in its prior memorandum, is that the alleged actions of Wilson were not "sufficiently severe or

pervasive so as to alter the conditions of employment and create an abusive work environment," Ponte v. Steelcase, Inc., 741 F.3d 310, 320 (1st Cir. 2014), and that Lightbody "presented no proof that [Wilson's] conduct negatively affected her ability to work" at Walmart. Pomales v. Celulares Telefonica, Inc., 447 F.3d 79, 84 (1st Cir. 2006).

### III. Walmart's Investigation Was Prompt, Effective, And Appropriate

What is more, Lightbody's arguments concerning Walmart's investigation of Wilson's alleged conduct are unavailing. Lightbody first argues that Walmart should have interviewed other female associates referred to by McLaughlin and McComb in an attempt to corroborate her allegations.[1] The problem with this claim is that there is no evidence in the record to suggest that these unnamed other associates ever witnessed any interactions between Lightbody and Wilson, or that Lightbody was aware of any alleged problems that these other associates may have had with Wilson. See Mason v. Southern Ill. Univ., 233 F.3d 1036, 1046 (7th Cir. 2000) ("Mean-spirited or derogatory behavior of which a plaintiff is unaware, and thus never experiences, is not 'harassment' of the plaintiff (severe, pervasive, or other)."); Burnett v. Tyco Corp., 203 F.3d 980, 981 (6th Cir. 2000) (actions of which plaintiff was unaware were irrelevant to her hostile work environment claim). Walmart simply was not obligated to investigate allegations that were unrelated to Lightbody's claims.

Second, Lightbody argues that Walmart should have interviewed a customer to confirm that Wilson "was about to pinch [Lightbody's] backside" but then decided not to do so. Lighbody, however, cites no authority to support her argument that Walmart was required to investigate harassing conduct that, by her own admission, never even occurred.

Third, Lightbody argues that Walmart should have re-opened its investigation in January

---

[1] Contrary to Lightbody's assertion, Trinh v. Gentle Commc'ns, LLC, 71 Mass. App. Ct. 368 (2008) does not stand for the proposition that Chapter 151B obligated Walmart to resolve the conflicting accounts offered by Lightbody and Wilson.

2010 after she located a witness who could corroborate her allegation that Wilson had pinched Lightbody's stomach.  Lightbody, however, makes no attempt to explain why she did not come forward with this witness sooner and why she did not bring this witness to the attention of the person in charge of the investigation (as opposed to store management).  Thus, there simply is no basis for suggesting that Walmart acted inappropriately by not re-opening its investigation.  See generally Sullivan v. Liberty Mut. Ins. Co., 444 Mass. 34, 56 (2005) ("'[c]ourts may not sit as super personnel departments, assessing the merits – or even the rationality – of employers' nondiscriminatory business decisions.'" (quoting Mesnick v. Gen. Elec. Co., 950 F.2d 816, 825 (1st Cir. 1991)).

For the reasons discussed above and in Walmart's prior memorandum, there are no genuine disputes of material fact and Walmart is entitled to judgment as a matter of law on Lightbody's sexual harassment claim.  Therefore, the Court should grant Walmart's motion for summary judgment.

Respectfully submitted,

**WAL-MART STORES EAST, L.P.**

By its attorneys,

/s/ Christopher B. Kaczmarek
Christopher B. Kaczmarek (BBO No.  647085)
Vanessa K. Hackett (BBO No.  673493)
**LITTLER MENDELSON, P.C.**
One International Place
Suite 2700
Boston, MA  02110
Tel:  617.378.6000
Fax:  617.737.0052
ckaczmarek@littler.com
August 7, 2014              vhackett@littler.com

## CERTIFICATE OF SERVICE

I, Christopher B. Kaczmarek, hereby certify that on this 7th day of August 2014, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be delivered via first class mail to those indicated as non-registered participants.

/s/ Christopher B. Kaczmarek
Christopher B. Kaczmarek

Firmwide:128130491.1 015602.8370